# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: May 30, 2017

No. 12-776V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JAMIE LEE STEWART                    *
                                     *      UNPUBLISHED OPINION
                   Petitioner,       *
v.                                   *      Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *      Attorneys' Fees and Costs;
AND HUMAN SERVICES,                  *      Petitioners' Costs;
                                     *      Special Master's Discretion
                   Respondent.       *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Isaiah Kalinowski, Maglio Christopher and Toale, PA (DC), Washington, DC for petitioner.
Ryan Pyles, U.S. Department of Justice, Washington, DC for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 14, 2012, Jamie Lee Stewart ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of an influenza ("flu") vaccine administered on or about October 5, 2010, he developed chronic inflammatory demyelinating polyneuropathy ("CIDP"). Stipulation at ¶ 4. On January 18, 2017, the undersigned issued a decision awarding compensation to petitioners based on the parties' joint stipulation. ECF No. 73.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 16, 2017, petitioner filed a Motion for Attorneys' Fees and Costs ("Petitioner's Motion").  ECF No. 77.  Petitioner requests attorneys' fees in the amount of $63,004.05 and attorneys' costs in the amount of $10,693.64, for a total of $73,697.69.  Id.  On May 16, 2017, petitioner filed his signed statement consistent with General Order #9 that he incurred no costs related to the prosecution of this claim and that he paid no retainer to his counsel.  Petitioner's Motion, Tab 3.

On May 16, 2017, respondent filed a Response to Petitioner's Motion ("Respondent's Response").  ECF No. 78.  Respondent states he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.  Petitioner filed a reply ("Petitioner's Reply") on May 16, 2017, arguing that respondent's position regarding petitioner's fees and costs is overly burdensome on the Court and prejudices petitioner.  ECF No. 79.  Petitioner also argued that he met his burden of establishing reasonable fees and costs and that respondent has not offered any relevant evidence or persuasive argument in opposition.  Id. at 3.

I.      **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa—15(e)(1).  A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed.  Id.  In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement and is therefore entitled to an award of reasonable attorneys' fees and costs.  Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs.  See Perreira v. Sec'y of Health and Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

a.  **Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347–58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  With regard to determining reasonable hourly rates, the undersigned recently conducted a thorough analysis to determine appropriate hourly rates for work performed in the Program during 2015.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  McCulloch has been endorsed by all current special

masters.  The Office of Special Masters has issued a fee schedule which updates the McCulloch rates, to account for inflation in subsequent years, which may be found on the court's website.[3]

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316–18 (2008).  Counsel should not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d 1517 at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i.  Reasonable Hourly Rate

Petitioner requests the following hourly rates:

|  | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| **Isaiah Kalinowski** | $325 | $325 | $333 | $341 | $349 | $358 |
| **Law Clerk** | N/A | N/A | N/A | N/A | N/A | $145 |
| **Paralegals** | $95<br>$105<br>$135 | $95<br>$135 | $135<br>$145 | $105<br>$135<br>$145 | $135 | $145 |

Petitioner's Motion, Tab 1 at 24.

The 2012-2014 requested rates for Isaiah Kalinowski are consistent with the ruling in O'Neill v. Sec'y  of Health & Human Servs., No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015), which analyzed the rates for Maglio Christopher and Toale specifically.  Mr. Kalinowski's requested rates for 2015-2016 are consistent with an attorney of his experience

---

[3] See Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 & 2017, available at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last accessed May 30, 2017).

in the <u>McCulloch</u> decision, which stated that "Mr. Kalinowski [has] substantial concentrated vaccine experience." His requested rates for 2017 are consistent with the Office of Special Masters fee schedule, which updates the <u>McCulloch</u> rates to account for inflation in subsequent years. The requested rate for work performed by a law clerk in 2017 is also consistent with <u>McCulloch</u>, which sets the rate for law clerks at $145. Petitioner requests rates ranging from $95-$145 for work performed by paralegals, depending on their "training, experience, and certification." Petitioner's Motion, Tab 4. These paralegal rates are also consistent with the rates laid out in <u>McCulloch</u>. Accordingly, the undersigned finds that petitioner's requested rates are reasonable.

### ii.    Hours Expended

Petitioner requests compensation for 160.8 hours entered by Mr. Kalinowski, 3.1 hours by a law clerk, and 61.8 hours entered collectively by paralegals. Petitioner's Motion, Tab 1 at 24. Petitioner submitted billing logs listing the date, the amount of time expended, the individual billing, and the nature of each task. Petitioner's Motion, Tab 1. Based on the lack of objection from respondent and a thorough review of Petitioner's Motion, the undersigned find that the hours expended are reasonable and the total of $63,004.05 in attorneys' fees should be awarded in full.

### b.  Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $10,693.64 in attorneys' costs. Petitioner's Motion at 2. The requested costs consist *intra alia*, of the filing fee, costs for obtaining medical records, mediation costs, and costs for travel and meals during mediation. <u>See generally</u> Petitioner's Motion, Tab 2. Based on a review of the submitted expenses, the undersigned finds that attorneys' costs are reasonable and should be awarded in full.

### II. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable. Petitioner's counsel submitted receipts for his expenses, which the undersigned has also reviewed and finds reasonable. <u>See generally</u> Petitioner's Motion.

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs. The undersigned awards fees and costs as follows:

| | |
|---|---|
| **Attorneys' Fees Awarded** | **$63,004.05** |
| **Attorneys' Costs Awarded** | **$10,693.64** |
| <u>**Total Attorneys' Fees and Costs Awarded**</u> | <u>**$73,697.69**</u> |

**Accordingly, the undersigned awards attorneys' fees and costs as follows:**

1) **A lump sum in the amount of $73,697.69[4], representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Jamie Lee Stewart, and his counsel, Maglio Christopher & Toale, PA, which should be forwarded to:**

   **Maglio Christopher & Toale, PA**
   **1605 Main Street, Suite 710**
   **Sarasota, Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

   **IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.